# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:10-CV-095-RLV-DCK

| LOUIS H. BILLIPS, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| NC BENCO STEEL, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel And For Sanctions And For Expedited Hearing And/Or Decision" (Document No. 17) filed July 1, 2011. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, applicable authority, and the arguments of counsel at a motions hearing on August 3, 2011, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Louis H. Billips, Jr. ("Plaintiff") filed his "Complaint" (Document No. 1) on July 22, 2010, pursuant to Title VII, alleging race discrimination, racial harassment, retaliatory discharge, negligent/intentional infliction of emotional distress, and negligent retention and supervision, while employed by Defendant NC Benco Steel, Inc. ("Defendant").

On June 29, 2011, Plaintiff's counsel deposed Ron Borders, Vice President of Benco Steel ("Mr. Borders"), at the offices of Defendant's counsel. Plaintiff was present, as well as Plaintiff's counsel Lena Watts-Robinson, Defendant's counsel H. Bernard Tisdale, III, and a court reporter. Defendant's owner, Judy White ("Ms. White"), attended as Defendant's representative for the deposition of Mr. Borders. The parties disagree as to whether they entered into a stipulation

pursuant to Federal Rule 29 at Mr. Borders' deposition, that Ms. White would be "the" representative for Defendant at all future depositions.

The parties arrived at the same location the next day, June 30, 2011, for Defendant's deposition of Plaintiff. Apparently, all the same individuals were present as had attended Mr. Border's deposition. Defendant's counsel requested that Ms. White be allowed to attend Plaintiff's deposition, but expressed an intention that Mr. Borders would be Defendant's representative at Plaintiff's deposition. Plaintiff's counsel opposed Mr. Borders' attendance at Plaintiff's deposition and has expressed shock and confusion by Defendant's counsel's conduct, which she contends was in bad faith and breached the parties' purported stipulation regarding Defendant's representative. (Document No. 21, p.3). Plaintiff's counsel then "mistakenly cited Rule 30(b)(6) as the grounds for her position." (Document No. 21, p.3). Once it was clear that Defendant intended to go forward with Mr. Borders as its representative, Plaintiff's counsel refused to proceed with Plaintiff's deposition or to make an objection on the record. At her instruction, Plaintiff and his counsel then left the premises.

Defendant filed the pending motion to compel, for an expedited hearing and/or decision, and for sanctions, on July 1, 2011. On July 5, 2011, the Court issued an Order (Document No. 20) giving notice that it would not hold an *expedited* hearing on the motion, and encouraging the parties to make reasonable efforts to complete discovery on schedule. In an effort to comply with the Court's Order, on July 15, 2011, the final day of discovery, Plaintiff was deposed at his counsel's office with Ms. White, not Mr. Borders, attending as Defendant's representative.

The pending motion was fully briefed and ripe for disposition as of July 28, 2011. Based on the foregoing, Defendant's motion has been narrowed to one solely seeking sanctions. On July 29, 2011, the Court issued an Order (Document No. 23) setting a hearing on the motion for August

3, 2011. Pursuant to the Court's Order setting this matter for a hearing, Defendant's counsel filed an affidavit and itemized statement on August 2, 2011, alleging that Defendant has incurred a total of $7,619.70 in expenses related to attendance at the aborted deposition and the subsequent motion.

Defendant's counsel and Plaintiff's counsel appeared at the motions hearing on August 3, 2011, and presented oral arguments in support of their positions on the instant motion. The undersigned took the matter under advisement following the parties' arguments, and the motion for sanctions is now ripe for disposition.

## STANDARD OF REVIEW

Rules 30 and 37 of the Federal Rules of Civil Procedure appear to provide the appropriate authority for an analysis of the issues before the Court. The Rules, in most pertinent part, provide as follows.

**Fed.R.Civ.P. 30 Depositions by Oral Examination**

> **Objections**. An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, **or to any other aspect of the deposition -- must be noted on the record**, **but the examination still proceeds**; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed.R.Civ.P. 30(c)(2) (emphasis added).

> **Sanction**. The court may impose an appropriate sanction -- including the reasonable expenses and attorney's fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed.R.Civ.P. 30(d)(2).

**Fed.R.Civ.P. 37 Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--**or if the disclosure or requested discovery is provided after the motion was filed**--the court **must**, after giving an opportunity to be heard, **require the party or deponent whose conduct necessitated the motion**, the party or attorney advising that conduct, or both **to pay the movant's reasonable expenses incurred in making the motion**, including attorney's fees. But the court must not order this payment if:
>
>> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> **(iii)** other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5) (emphasis added).

> **Grounds for Sanctions**. The court where the action is pending may, on motion, order sanctions if:
>
>> **(i) a party** or a party's officer, director, or managing agent -- or a person designated under Rule 30(b)(6) or 31(a)(4) -- **fails, after being served with proper notice, to appear** for that person's deposition . . . .

Fed.R.Civ.P. 37(d)(1)(A) (emphasis added).

> **Types of Sanctions**. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(iv). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(d)(3).

## DISCUSSION

Defendant contends it should be awarded attorneys' fees and costs associated with attendance at the attempted deposition of Plaintiff on June 30, 2011 and for the preparation of the

4

pending "...Motion To Compel And For Sanctions..." (Document No. 17). (Document No. 18, pp.6-7). In support of its motion, Defendant cites Rule 30(d)(2), which allows the Court to impose appropriate sanctions "on a person who impedes, delays, or frustrates the fair examination of the deponent." (Document No. 18, p.7). Defendant also relies on Rule 37(a), claiming that it is entitled to its expenses, including attorney's fees, incurred in making the pending motion and that Rule 37 creates a rebuttable presumption in favor of such sanctions. Id. (citing Fed.R.Civ.P. 37(a)(5)(A) and Pitrolo v. County of Buncombe, 1:06cv199-MR-DLH, 2007 WL 1041193 at *2 (W.D.N.C. Apr. 4, 2007) ("an award to the prevailing party on a Motion to Compel is mandated by the Federal Rules")).

In response, Plaintiff alleges that it was stipulated on the morning of June 29, 2011, prior to Mr. Borders' deposition, that Judy White was "the representative and owner of Benco Steel." (Document No. 21, p.2). Plaintiff's counsel asserts that Defendant's counsel acted in "bad faith" on June 30, 2011, when he informed her that Mr. Borders would be Defendant's representative at Plaintiff's deposition. (Document No. 21, p.3). Plaintiff's counsel concedes that on June 30, 2011, she "mistakenly cited Rule 30(b)(6) as the grounds for her position." Id. She "later learned that the intended rule was Rule 29." Id.

Plaintiff's counsel argues that there was no violation of Rule 30(c)(2), requiring objections at the time of examination to be put on the record, because "there was no examination being conducted." (Document No. 21). She further argues that "there was no examination and no objection, only a dispute about the stipulation . . . Therefore, there is no violation under Rule 30(c)(2)." (Document No. 21, p.4). At the hearing, Plaintiff's counsel also denied the applicability of Rule 37 to the circumstances. Plaintiff's counsel specifically denies that Plaintiff "failed to appear" for his deposition. Plaintiff's counsel concludes that sanctions are not appropriate because

5

Plaintiff did not intentionally violate any rules of law, but that Defendant should pay Plaintiff's reasonable costs and fees for preparing a response to the instant motion. (Document No. 21, p.7).

Defendant argues that there was never any agreement or Rule 29 stipulation between the parties regarding Defendant's representative at depositions after June 29, 2011. (Document No. 22, p.2). Moreover, Defendant contends that Plaintiff's brief in response to the instant motion was "the *first time* Defendant ever heard of any 'stipulation,' whether related to discovery or otherwise." (Document No. 22, p.4). Defendant asserts that a Rule 29 stipulation requires an actual agreement between the parties and that "one party's understanding does not create a valid stipulation." Id. (quoting 6-29 Moore's Fed. Prac. - Civil § 29.05).

Defendant also makes a compelling argument that Plaintiff's position that the "time of the examination" had not arrived is unavailing where the parties have appeared at the time, date and place of a properly noticed deposition, are sitting at a table where the deposition is to proceed with a court reporter set up and ready to go, and Plaintiff's counsel is voicing objections relating to the deposition, to which Defendant's counsel is responding. (Document No. 22, p.3).

Defendant notes that Plaintiff has admitted that her objection based on Rule 30 was a mistake and argues that Plaintiff's actions have needlessly caused Defendant to incur substantial fees and costs associated with the deposition and pending motion. (Document No. 22, pp.6-7). Defendant contends it incurred significant time and expense researching the invalidity of Plaintiff's 30(b)(6) objection, only to learn in the response that Plaintiff had abandoned that Rule as grounds for his position. Id.

The undersigned finds language from a case cited by Defendant to be especially applicable to the instant dispute:

> Litigation at times can be trying. However, it is at the intersection of

> frustration and demand that the wise lawyer will check two axioms:
> (1) collegiality can displace cost, and (2) know the rules. The failure
> to heed these two universal principles gives rise to the current
> controversy.

Pioneer Drive, LLC v. Nissan Diesel, 262 F.R.D. 552, 553-554 (D.Mont. 2009). That decision went on to further opine that:

> Given the protective provisions of the Rules, counsel is ill advised to
> invoke obstinance as opposed to collegiality. An even better option
> is to read the Rules before the deposition or at least do so when a
> potentially acrimonious issue arises.

Pioneer Drive, 262 F.R.D. at 556.

The undersigned finds that Plaintiff's counsel erred in her reaction to the circumstances of Plaintiff's deposition on June 30, 2011. Moreover, she has continued to deny her mishandling of the situation despite the weight of the evidence and relevant legal authority. The undersigned is persuaded that the law plainly provides that Plaintiff should have put any objection on the record, including one based on an alleged stipulation, and then proceeded with the deposition as scheduled. The undersigned does not find that Plaintiff's counsel acted in bad faith; it appears more likely that inexperience, emotion, and zealous advocacy contributed to the underlying dispute. Nevertheless, even absent bad faith, Plaintiff's counsel's acted willfully in failing to comply with the rules of discovery, and undoubtedly added to Defendant's expenses.

Plaintiff's counsel has failed to provide any evidence of the alleged Rule 29 stipulation that she contends precluded Mr. Borders' attendance at Plaintiff's deposition. Although the Court will give her the benefit of the doubt that she interpreted Defendant's counsel's remarks to somehow represent that Ms. White would be the only representative of Defendant, the facts and circumstances strongly suggest that she misunderstood Defendant's counsel. It appears that Plaintiff's counsel first informed Defendant's counsel that her objection to Mr. Borders' representation was based on Rule

29, in her response to the pending motion on July 18, 2011. Plaintiff's counsel's delay in articulating her objection casts further doubt on her claim that there was such a stipulation, and effectively prevented the parties from resolving this dispute without Court intervention. The undersigned is not persuaded that there was ever any agreement regarding Defendant's representatives – beyond who was attending the deposition of Mr. Borders on the day of the alleged agreement, June 29, 2011.

Although Plaintiff's counsel suggested at the motions hearing that her client was not prepared to proceed with his deposition with Mr. Borders in the room, she has not claimed to have informed Defendant's counsel of that concern. Moreover, Plaintiff's counsel has not argued that her client's discomfort with Mr. Borders was substantial justification to cancel the deposition and the undersigned finds it unlikely that such an argument could be supported. In litigation, it is undoubtedly the norm, rather than the exception, that opposing parties have some level of discomfort or tension when they are around each other. Here, where the same individuals had all been together the day before, and Plaintiff had chosen to attend Mr. Borders' deposition, Plaintiff's alleged "shock and confusion" at Mr. Borders' presence seems a bit overstated.

Even *if* the parties had entered into a stipulation, Plaintiff's counsel failed to cite Rule 29 as a reason not to proceed with Plaintiff's deposition on June 30, 2011, and then failed to seek a protective order or other assistance from the Court. As the Court observed at the motion hearing, if counsel for the parties had called the undersigned's chambers at the time the dispute arose, this situation, and costly motions practice, might have been avoided.

Plaintiff's counsel has since failed to cite *any* legal authority to support her position that Rule 29, or one party's belief that a stipulation had been entered into, is substantial justification to walk away from a deposition. To the contrary, Rule 30 provides that if a party objects to *any* aspect of

8

a deposition, such objection must be noted on the record and the examination still proceeds. Fed.R.Civ.P. 30(c)(2).

The undersigned finds that Rule 30 is most applicable to the instant motion and that sanctions are appropriate because Plaintiff's counsel impeded, delayed, and/or frustrated the fair examination of the deponent, her client. "Sanctions may be imposed by the Court on a party who refuses to appear for a properly noticed deposition." White v. McHugh, 2010 WL 4340399 at *1 (D.S.C. 2010) (citing Rule 30(d)(2)); see also, Higginbotham v. KCS Intern., Inc., 202 F.R.D. 444, 459 (D.Md. 2001). "Although Rule 30(d)(2) does not define the phrase 'appropriate sanction,' the imposition of discovery sanctions is generally within the sound discretion of the trial court." Francisco v. Verizon South, Inc., 756 F.Supp.2d 705, 712 (E.D.Va. 2010) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976); GMAC Bank v. HTFC Corp., 248 F.R.D. 182, 185 n.4 (E.D.Pa. 2008)).

The undersigned is not persuaded by Plaintiff's argument that there was no "time of the examination," and therefore, Plaintiff was under no obligation to proceed with the deposition. If the Court did accept this argument, then in the alternative to Rule 30(d)(2), sanctions would most likely also be warranted pursuant to Rule 37(d)(1)(A) for Plaintiff's failure to appear for his deposition after being served with proper notice. In short, either Plaintiff appeared at his examination and contrary to the rules failed to proceed, or he failed to appear. Either interpretation supports the imposition of sanctions.

Finally, the undersigned further observes that Plaintiff's counsel's conduct at the recent hearing was concerning. Diligent advocacy is expected. However, Plaintiff's counsel made accusations that Defendant's counsel was deliberately misleading the Court, and that his actions regarding the instant dispute were shaped by racial animus towards her personally. Such accusations

were unnecessarily inflammatory and inappropriate. This Court is – as it should be – accustomed to greater respect and collegiality between members of the Bar, even in highly contentious lawsuits.

Based on the totality of circumstances before the Court, the undersigned finds that sanctions against Plaintiff's counsel are appropriate because she impeded, delayed, and frustrated the fair examination of her client. The sanctions as set forth below are intended to deter Plaintiff's counsel from similar conduct in the future, and to compensate Defendant for some of its expenses. The sanctions awarded are significantly less than the Court might have awarded because the undersigned is convinced that the underlying dispute was created by an error in judgment and/or a misreading of applicable law, rather than bad faith.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel And For Sanctions And For Expedited Hearing And/Or Decision" (Document No. 17) is **GRANTED in part,** and **DENIED in part**, as follows: the request to compel Plaintiff to attend his deposition is **DENIED AS MOOT**; the request for an expedited hearing/decision is **DENIED AS MOOT**; and the request for sanctions is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel, Lena Watts-Robinson, shall pay Defendant's counsel, H. Bernard Tisdale, III, for expenses related to the instant motion in the total amount of two thousand five hundred dollars ($2,500.00), as soon as possible, but not later than **August 31, 2011**.

Signed: August 8, 2011

_____
David C. Keesler
United States Magistrate Judge