# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:10-CV-095-RLV-DCK

| | |
|---|---|
| LOUIS H. BILLIPS, JR., | )
| | )
| Plaintiff, | )
| | )
| v. | )  **ORDER**
| | )
| NC BENCO STEEL, INC., | )
| | )
| Defendant. | )

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel" (Document No. 28) and "Defendant's Memorandum In Support Of Its Motion To Compel" (Document No. 29) filed August 15, 2011. Plaintiff has failed to file a timely response to the motion, and the time to do so has lapsed. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

Defendant Benco Steel, Inc. ("Defendant") seeks an Order from this Court compelling Plaintiff Louis H. Billips, Jr. ("Plaintiff") to produce an audio recording of conversations with co-workers and management on his final day at Defendant's facility, as well as documentation supporting Plaintiff's alleged damages. (Document No. 28). Defendant contends that the information sought is highly relevant and that it has repeatedly requested the audio recording and documentation of damages, through both formal discovery requests and other correspondence. (Document No. 29, p.2).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any

> documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress, or that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

After thorough review of Defendant's motion and supporting memorandum, the undersigned is convinced that the recording and documentation it seeks are both relevant and discoverable. Defendant's brief is persuasive and supported by ample legal authority, including *inter alia*, Newsome v. Penske Truck Leasing Corp., 437 F.Supp.2d 431 (D.Md. 2006). Moreover, Plaintiff has failed to file any response to the pending motion. The undersigned notes that the burden of proof is with a party objecting to discovery to establish that the requested production should not be permitted. See Capital One Bank v. Hess Kennedy Chartered, LLC, 2008 WL 4467160 at *2 (citing Finley v. Trent, 955 F.Supp. 642, 648 (4th Cir. 1997)). Here, Plaintiff has failed to even attempt to satisfy its burden of proof that the requested production should not be permitted.

Based on the foregoing, including good cause shown and relevant legal authority presented by Defendant, the undersigned finds that the pending motion to compel should be granted.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel" (Document No. 28) is **GRANTED**. Plaintiff shall produce the requested audio recording and documentation supporting damages, on or before **September 16, 2011**.

Signed: September 8, 2011

David C. Keesler
United States Magistrate Judge