**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:10CV95-V**

| | | |
|---|---|---|
| **LOUIS H.BILLIPS, JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **NC BENCO STEEL, INC.,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Defendant NC Benco Steel, Inc.,'s ("NC Benco") Motion to Strike, filed December 20, 2010.  (Document #7) Plaintiff Louis H. Billips, Jr. ("Billips"), did not submit a written response.

## I.

On July 22, 2010, Plaintiff Billips initiated this lawsuit against Defendant NC Benco, Billips' former employer, alleging racial discrimination, "racial harassment / hostile work environment," and retaliatory discharge in violation of Title VII and Section 1981, "negligen[t] / intentional infliction of emotional distress," and negligent retention and supervision. (Document #1) According to the Complaint, Plaintiff has exhausted his administrative remedies for purposes of Title VII.  (Compl., ¶64)

## II.

Federal Rule 12(f) provides that "[t]he court *may* strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  FED. R.CIV.P. 12(f) (2011) (*emphasis added*); Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)(*unpublished*) (decision to strike factual allegations from a pleading is a discretionary one).   "The function of a

[Rule] 12(f) motion ... is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ...." United States v. $37,281.00 in United States Currency, No. 5:08CV146, 2007 WL 2710706, *2 (W.D.N.C. September 13, 2007) (*quoting* Buser v. Southern Food Serv., 73 F.Supp.2d 556, 559 (M.D.N.C.1999)). "[D]espite this beneficial purpose, such motions "are viewed with disfavor and are infrequently granted." Id.; Nixon v. Majors, No. 3:07CV413-R, 2007 WL 4592277, *3 (W.D.N.C. Dec. 28, 2007) (A motion to strike is a "drastic remedy" that is generally "viewed with disfavor" and "granted only for egregious [pleading] violations.") (*citing* Waste Mgmt. Holdings, 252 F.3d at 347; Brown v. Ins. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005)).  In order to prevail on the motion, Defendant must demonstrate that the matter at issue is both "prejudicial" and of the type "envisioned" by Rule 12(f). Brown, 394 F. Supp. 2d at 727 (*citations omitted*); Godfredson v. JCB Legal Group, P.C., 387 F. Supp. 2d 543, 556 (E.D.N.C. 2005) (*citations omitted*).

As  for a claim that portions of a pleading are immaterial, "a matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F.Supp.2d 551, 554 (E.D.N.C. 2001)(*quoting* Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir.1958)).

### III.

The Court considers then whether striking the challenged material is consistent with the purpose of Rule 12(f).  Defendant asks the Court to strike Plaintiff's references to "the common

law and  public policy of the State of North Carolina General Statute §143-422.2"[1] in Paragraphs

1 and 4 of the Complaint, as well as references to declaratory judgment or relief in Paragraph 3 of

the Complaint and Paragraph 1 of Plaintiff's Prayer for Relief.  (Def.'s Motion to Strike, 1)

(hereinafter "Motion").  NC Benco claims that the inclusion of these materials within the

Complaint are "immaterial, irrelevant, redundant, potentially confusing, and highly prejudicial to

Defendant."  (Def.'s Brf. In Supp., 2).

**A.  North Carolina's Equal Employment Practices Act, §143-422.2**

In addition to the federal causes of action pled that arise under Title VII of the Civil

Rights Act of 1964, as amended ("Title VII"), described, *supra*, Plaintiff includes in his

Complaint mention of North Carolina's Equal Employment Practices Act ("NCEEPA"), N.C.

GEN. STAT. §143-422.2, and "the common law and public policy of the State of North Carolina."

(Compl., Introduction; ¶¶1, 3, and 4; Prayer for Relief, ¶1)  Defendant contends that inclusion of

North Carolina "common law and public policy" is "immaterial or irrelevant" since the phrase is

not mentioned again in connection with any particular legal theory or claim.   (Def.'s Motion, 2)

---

[1] Section143-422.2 provides:

It is the public policy of this State to protect and safeguard the right and opportunity of
all persons to seek, obtain and hold employment without discrimination or abridgement
on account of race, religion, color, national origin, age, sex or handicap by employers
which regularly employ 15 or more employees.

It is recognized that the practice of denying employment opportunity and discriminating
in the terms of employment foments domestic strife and unrest, deprives the State of the
fullest utilization of its capacities for advancement and development, and substantially
and adversely affects the interests of employees, employers, and the public in general.

N.C. GEN. STAT. §143-422.2.

As explained by the Fourth Circuit Court of Appeals, "[n]either the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.2000); Percell v. Int'l Business Machines, Inc., 765 F.Supp. 297 (E.D.N.C. May 16, 1991) (North Carolina courts, in recognizing cause of action for wrongful discharge in violation of public policy, did not intend to allow claims based on North Carolina Equal Employment Practices Act, in which legislature acknowledged public policy against employment discrimination but chose not to provide aggrieved employees with private right of action beyond that already afforded by federal discrimination statutes.) "Instead, most courts have applied the NCEEPA only to common law wrongful discharge claims or in connection with other specific statutory remedies." Smith, 202 F.3d at 247 (*internal citations omitted)*. Consequently, the Fourth Circuit agreed that "[a]bsent a clear indication from the courts or the legislature of North Carolina that a private right of action does exist under the NCEEPA, it would be inappropriate for a federal court to create a private right of action under the NCEEP ...." Id. (*quoting* Mullis v. Mechanics & Farmers Bank, 994 F.Supp. 680, 687 (M.D.N.C.1997); *citing* Ridenhour v. Concord Screen Printers, Inc., 40 F.Supp.2d 744, 746 (M.D.N.C.1999)).

While the NCEEPA may not provide any relief to Plaintiff, its mention within Title VII lawsuits arising out of North Carolina, which is relatively common, is innocuous. However, for the same reason, it is also apparent that the NCEEPA "can have no possible bearing upon the subject matter of the litigation." N.C. Shellfish Growers Ass'n, 200 F.Supp.2d at 554. Accordingly, Defendant's motion will be granted as to this issue.

**B. Invocation of Federal Declaratory Judgment Statute / 42 U.S.C §1981**

Plaintiff alleges one or more causes of action based upon alleged violations of Section 1981 rights, including racial discrimination, racial harassment / hostile work environment, and retaliatory discharge. (Compl., ¶¶34-48) In addition, Plaintiff seems to invoke 28 U.S.C. §§2201 and 2202 by requesting a declaration that Defendant "violated the statutory rights secured by the Plaintiff under Section 1981." (Compl., ¶3; Prayer for Relief, ¶1) Defendant NC Benco contends that the request for declaratory judgment is redundant in light of the other causes of action pursuant to Section 1981. *See e.g.*, Monster Daddy, LLC v. Monster Cable Prods., Inc., No. 6:10-1170, 2010 WL 4853661, *5 (D.S.C. Nov. 23, 2010) (declaratory judgment serves no useful purpose where request for relief is repetitious of issues already before the court). Defendant further argues that inclusion will prejudice Defendant and cause "undue delay and expense, waste of time, and harm to judicial efficiency" as well as result in confusion of the issues. (Def.'s Motion, 5-6) The prejudice Defendant claims exists is the need to address the declaratory judgment aspect of Plaintiff's Complaint in its responsive pleadings, discovery, and all potential dispositive motions. (Def.'s Motion, 6) Accordingly, Defendant asks the Court to decline to entertain an action for declaratory judgment in connection with the other causes of action. The Court, in its discretion, will grant Defendant's request.

## IV.  Order

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike is hereby

**GRANTED**.  Accordingly, Plaintiff Billips is directed to amend his Complaint consistent with

the terms of this Order and refile with the Court **on or before Wednesday, October 19, 2011**.

Signed: October 12, 2011

Richard L. Voorhees
United States District Judge