# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:10CV95-V

| | |
|---|---|
| LOUIS H. BILLIPS, JR., </br>       Plaintiff, </br></br> vs. </br></br> NC BENCO STEEL, INC., </br>       Defendant. | **O R D E R** |

**THIS MATTER** is before the Court upon Plaintiff Louis H. Billips, Jr.'s ("Billips") Objections to the Magistrate Judge's Order imposing sanctions against Billips' counsel, Attorney Lena Watts-Robinson ("Watts-Robinson"), pursuant to Fed. R. Civ. P. 30(c)(2) and (d)(2) as well as various provisions of Fed. R. Civ. P. 37, namely, Rule 37(a)(5), (d)(1)(A), and (d)(3).

## I.

Billips challenges the Magistrate Judge's ruling in favor of Defendant NC Benco Steel, Inc. ("Benco") awarding sanctions against Watts-Robinson. This discovery dispute was precipitated by the departure of Watts-Robinson and Billips from Billips' deposition before it could begin as scheduled. The parties' dispute may be summarized as follows:

Two days of depositions were noticed and scheduled. On day one, Watts-Robinson was to depose Ron Borders ("Borders"), Vice President of Benco, and Billips' immediate supervisor. On day two, Defendant's counsel, Attorney H. Bernard Tisdale, III ("Tisdale"), was to depose Billips. The first deposition took place as scheduled. The following day, Watts-Robinson and Billips reported to the same location as the day before. Watts-Robinson understood that the owner of Benco, Judy White ("White"), would be sitting in as the designated corporate

representative, as she had done on day one. Watts-Robinson was apparently caught off guard with Tisdale's announcement that, for purposes of Billips' deposition, the designated representative would be Borders rather than White, the previously designated representative. Tisdale informed Watts-Robinson indirectly by asking if White could observe the deposition along with Borders. Watts-Robinson and Billips left Tisdale's office after what counsel described to the Magistrate Judge as a "heated exchange." As a result, the previously noticed deposition of Billips did not occur as planned. The expenses associated with the unsuccessful attempt to depose Plaintiff and the attorneys' fees and costs related to the Motion To Compel and Motion For Sanctions are at issue in this Order.[1] On August 8, 2011, the Magistrate Judge granted Defendant's Motion for Sanctions and ordered Watts-Robinson to pay Tisdale $2,500.00.

Watts-Robinson now contends that the imposition of sanctions was contrary to law because the relevant conduct does not fall within either Rule 30(c)(2) or Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure. (Pl.'s Objs. 3)

**II.**

Title 28, United States Code, Section 636(b)(1)(A) grants the district court authority to assign most pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). Review of matters that are "dispositive of a claim or defense of a party" is made *de novo*. Fed.R.Civ.P. 72(b). Review of a magistrate judge's nondispositive pretrial rulings is only to determine whether they are "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). To fall under this more deferential standard, the matter

---

[1] Since the filing of the motions, however, Billips has been deposed rendering that aspect of the Benco's Motion to Compel moot.

must be "not dispositive of a claim or defense of a party." *See* Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 447 (M.D.N.C. August 18, 2005) (*citing* Fed. R. Civ. P. 72(a)) ("The appropriate standard of review of a magistrate judge's order or recommendation depends on the dispositive or nondispositive nature of the matter.")

"The award of sanctions against a party for discovery violations is a nondispositive matter which the district court reviews under the "clearly erroneous or contrary to law" standard." Gardendance, 230 F.R.D. at 448 (*internal citations omitted*). "Under this standard, the court must affirm unless a review of the entire record leaves the court with the "definite and firm conviction that a mistake has been committed."" Id. (*quoting* United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

If a magistrate judge's order is contrary to law then the judge must have failed to apply or misapplied statutes, case law, or procedural rules. *See* Catskill Dev. L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

### III.

Plaintiff's Objections are overruled as the Magistrate Judge's ruling is not "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

As an initial matter, Plaintiff has not identified, nor is the undersigned aware of, any legal authority that precludes Defendant from electing to identify a different corporate representative than one serving on a previous day, whether designation is designed to best address a given topic or subject matter or whether for purposes of another deponent. The Court likewise notes generally that the imposition of sanctions is largely discretionary.

Plaintiff's counsel claims that the parties' "stipulation" concerning the corporate representative for Defendant governs. Plaintiff "fail[s] to cite *any* legal authority to support her

position that Rule 29, or one party's belief that a stipulation has been entered into [regarding the corporate representative], is substantial justification to walk away from a deposition." (Document #27 / Order, 8)  Notwithstanding any alleged stipulation on this point, Watts-Robinson plainly did not follow the prescribed procedure.[2]

The federal civil rules provide the requisite authority for the imposition of monetary sanctions in this instance.

### A. Fed.R.Civ.P. 30

Plaintiff argues that Rule 30 does not apply because Billips was never placed under oath on the occasion in question and, therefore, was not subject to "examination" as contemplated by the rule.  In other words, Plaintiff suggests that the time for "examination" had not yet arrived. Rule 30(c)(2) provides:

> (2) **Objections.** An objection at the time of the examination[3]--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, ***but the examination still proceeds***; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

---

[2] Watts-Robinson conceded during the hearing that she was unfamiliar with the governing federal civil rules.

[3] (c) Examination and Cross-Examination; Record of the Examination; Objections; Written Questions.

> (1) Examination and Cross-Examination. The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

Fed.R.Civ.P. 30(c)(1).

F<small>ED</small>.R.C<small>IV</small>.P. 30(c)(2) (2007) (*emphases added*). As the Magistrate Judge observed, Plaintiff's argument that the time for examination had not arrived "is unavailing where the parties have appeared at the time, date and place of a properly noticed deposition, are sitting at a table where the deposition is to proceed with a court reporter set up and ready to go ...." (Document #27 / Order, 6) More importantly, Rule 30 covers objections to "any ... aspect of [a] deposition" and requires that an objection be "noted on the record." F<small>ED</small>.R.C<small>IV</small>.P. 30(c)(2). In any event, the examination is to proceed. Id.

Rule 30 also expressly provides authority to impose sanctions:

> (2) Sanction. The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.

F<small>ED</small>.R.C<small>IV</small>.P. 30(d)(2). By physically leaving the deposition site, Watts-Robinson and Billips prevented the deposition from proceeding and, thereby, impeded, delayed and frustrated the fair examination of the deponent.

### B. F<small>ED</small>.R.C<small>IV</small>.P. 37

Alternatively, the Magistrate Judge found that "sanctions would most likely also be warranted pursuant to Rule 37(d)(1)(A) for Plaintiff's failure to appear for his deposition after being served with proper notice." " (Document #27 / Order, 9) Plaintiff argues that Rule 37 does not apply because Billips did not fail to appear for his deposition. Rule 37 provides in pertinent part:

"The court where the action is pending may, on motion, order sanctions if:

> (i) a party ... fails, after being served with proper notice, to appear
> for that person's deposition ...."

FED.R.CIV.P. 37(d)(1)(A)(i). Even if there was no literal failure to appear, departure of the deponent amounts to a *de facto* or constructive failure to appear given that the deposition did not occur due to Plaintiff's absence. This Court agrees with the Magistrate Judge that Rule 37 lends support to the decision to impose sanctions.

### C. Fairness

Finally, Plaintiff contends that "[t]he Rules were not applied equally to both counsels[sic]." (Pl.'s Objs. 3) According to Plaintiff, "Magistrate Keesler found favor with Defendant's counsel and held Plaintiff's counsel to a different standard under the Rules." (Pl.'s Obj., 7) Plaintiff's Objection lacks any basis in fact or law. Despite not moving for sanctions (or previously asserting that defense counsel engaged in sanctionable conduct), Watts-Robinson suggests that defense counsel had a similar obligation to record his "objection" on the record. However, the record does not reveal that Defendant had an objection to record. (Def.'s Resp. In Opp'n., 6) Instead, as the Magistrate Judge found, "Once it was clear that Defendant intended to go forward with Borders as its representative, Plaintiff's counsel refused to proceed with Plaintiff's deposition or to make any objection on the record." (Document #27 / Order, 2) Plaintiff claims defense counsel shares equal responsibility for the failure to proceed with the deposition. However, Tisdale did not refuse to proceed. Proceeding with the deposition was frustrated by the departure of Watts-Robinson and her client Billips – the intended deponent. The undersigned is not persuaded by Plaintiff's circular reasoning.

### III.

In conclusion, this Court finds that the Magistrate Judge's ruling does not constitute clear error and likewise is not contrary to law. At the end of the day, Plaintiff was not deposed on June 30, 2011 as scheduled. For this reason, the undersigned agrees that the imposition of

sanctions against Plaintiff's counsel was warranted.

As the amount of the sanction has not been contested by Plaintiff's Objection before this Court, that matter will not be further addressed here. It might be worthy of note, however, that the Magistrate Judge expressly found that the award covered only a portion of Defendant's fees and expenses, citing Watts-Robinson's lack of bad faith.

**IT IS, THEREFORE, ORDERED THAT:**

1) The Magistrate Judge's Order Granting Defendant's Motion For Sanctions and the $2,500 award to Defendant is hereby **AFFIRMED** and Plaintiff's Objections **OVERRULED**; and

2) The parties' Joint Request For Judicial Settlement Conference is **GRANTED**. U.S. Magistrate Judge David S. Cayer will preside. The parties will be notified by Magistrate Judge Cayer's Chambers (or Courtroom Deputy) about a date and time for the Judicial Settlement Conference as well as about pre-conference submissions, if any.

Signed: May 21, 2012

Richard L. Voorhees
United States District Judge